UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN R. PULICE,

    Plaintiff,

v.                                                                            Case No: 5:16-cv-394-Oc-18PRL

COMMISSIONER OF SOCIAL
SECURITY

    Defendant.

---

## Report and Recommendation[1]

Plaintiff appeals the administrative decision denying his application for Disability Insurance Benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, I submit that the Commissioner's decision should be **AFFIRMED**.

### I. Background

On October 21, 2012, Plaintiff filed an application for DIB benefits, alleging disability beginning September 9, 2010. The claim was denied initially, and upon reconsideration. At Plaintiff's request, a hearing was held on August 18, 2014. (Tr. 39-66). On November 20, 2014, 2014, the Administrative Law Judge (ALJ) issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 18-34). Plaintiff's request for review was denied by the Appeals Council (Tr. 1-4), and Plaintiff initiated this action on June 14, 2016. (Doc. 1). Plaintiff has

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

exhausted his administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments: status post myocardial infarction, anxiety, and depression. (Tr. 20).

The ALJ found that the Plaintiff had the residual functional capacity to perform less than the full range of light work. (Tr. 24). The ALJ found that Plaintiff is limited to no more than occasional stooping, kneeling, crouching, crawling and climbing, but never climbing ladders, ropes and scaffolds. Avoid constant pushing/pulling with his upper extremities, overhead lifting, work at heights, work with dangerous machinery, concentrated exposure to temperature extremes, concentrated exposure to dust, fumes, odors, gases and other pulmonary irritants, as well as constant and direct contact with vibration. Finally, he is limited to performing simple, 1-5 step tasks that be learned with 30 days' training.

Based upon the RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as cashier II, advertising material distributor, and ticket seller. (Tr. 33). The ALJ's finding includes his consideration of Plaintiff's limitations that erode the light unskilled occupational base, and the vocational expert's testimony regarding what functions Plaintiff could perform in light of his limitations. (Tr. 33). Accordingly, the ALJ determined that Plaintiff is not disabled.

## II. STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

III. DISCUSSION

On appeal, Plaintiff argues that the ALJ failed to properly evaluate the opinions of two treating physicians – Carols G. Govantes, M.D. and Parmanand Gurnani, M.D. Plaintiff simply contends – without any discussion – that the ALJ failed to comply with the requirements of 20

CFR § 404.1527(d)(2), when she decided not to give controlling weight to the treating physicians' opinions that Plaintiff was incapable of full time gainful employment. For the reasons discussed below, I submit that the ALJ properly considered these opinions and articulated reasons supported by substantial evidence for discrediting them.

The ALJ must state with particularity the weight given to different medical opinions, including non-examining state agency physicians, and the reasons therefor. *Winschel v Comm'r of Social Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). The opinions of treating physicians are entitled to substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Commissioner of Social Security*, 363 F. 3d 1155, 1159 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997)). Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). With good cause, an ALJ may disregard a treating physician's opinion, but he "must clearly articulate [the] reasons" for doing so. *Id.* at 1240-41. Section 404.1527(d) outlines factors that the ALJ considers in deciding the weight to give any medical opinion, including the nature and extent of the treatment relationship and supportability and consistency with the record.

### A. Dr. Govantes

With respect to Dr. Govantes, Plaintiff focuses solely on his August 2014 deposition conducted by Plaintiff's representative. (Doc. 21 at 6-7; Tr. 600-19).[2] Dr. Govantes testified that Plaintiff had become very limited in his functioning due to a series of tragic events. (Tr. 605).

---

[2] Plaintiff does not mention any other opinions or records from Dr. Govantes, and thus, has waived any challenge to the ALJ's consideration of that evidence. Even so, those opinions likewise are not supported by Dr. Govantes' treatment records.

605). He was unable to carry out activities of daily living. (Tr. 605). Plaintiff complained of fatigue, episodic light-headedness, and left-sided chest pain. (Tr. 606). Dr. Govantes testified that a loss of memory had been very evident. (Tr. 606). Plaintiff had not been able to carry out simple tasks like basic math, anything that involves a sustained thought process on a consistent basis, and he had poor recent memory. (Tr. 606-07). He was also physically out of shape due to to his angina, which limited his ability to perform everyday tasks. (Tr. 607-08). He would likely likely be off task for twenty percent of the day. (Tr. 608). He slept a disproportionate amount of time and needed his wife to remind him to take medications. (Tr. 609). He had a poor self-image because his self-esteem was permanently scarred. (Tr. 609).

The ALJ discussed the deposition testimony at length and found that the "extreme limitations" in the doctor's deposition were not supported by his own treatment notes, and were "clearly an attempt to assist [Plaintiff] in obtaining benefits." (Tr. 24). By way of example, the ALJ noted that Dr. Govantes testified that Plaintiff has severe memory issues, yet his own notes reflected that Plaintiff's memory was intact.

As the ALJ correctly noted, Dr. Govantes opinions were not supported by his own treatment notes. (Tr. 24, 28). Dr. Govantes saw Plaintiff on five occasions – October 6, 2010, November 8, 2010, December 7, 2010, November 16, 2011, and June 24, 2014. On all five visits, the examination findings were largely unremarkable. (Tr. 311, 313-16, 550-51). Each time, Dr. Govantes noted that Plaintiff's lungs sounded clear; his heart had a regular rate and rhythm with ectopy; and he did not have carotid bruits, thyroid enlargement, abdominal issues, or abnormal masses. Dr. Govantes also noted at times that Plaintiff "dresses and looks well" (Tr. 311), had good skin turgor (Tr. 313), and had good posterior tibial pulses. (Tr. 551). He sporadically noted

noted negative exam findings including "a sense of edema," (Tr. 311), looked anxious (Tr. 315), small hernia in the abdomen, poor dentition, poor self-esteem, and "a lot of baggage." (Tr. 550).

The ALJ's specific finding that Dr. Govantes' opinion regarding memory is also supported by substantial evidence. Dr. Govantes never noted any concerns with memory until his final visit on June 24, 2014. At that visit, Dr. Govantes noted in the "History of Present Illness" section that Plaintiff used to participate in sales but that "when he can't recall what happened earlier today, when he read in the paper, cannot keep up his checkbooks, etc., he has been unable to perform to standards." (Tr. 550). Dr. Govantes then included a diagnosis of memory loss but there is no record that he tested Plaintiff's memory as part of a mental status exam at that June 2014 appointment or ever. Moreover, as discussed below, Dr. Gurnani's treatment records (which he sent to Dr. Govantes) do not support a disabling memory impairment.

Accordingly, the ALJ articulated good cause supported by substantial evidence for discrediting Dr. Govantes' deposition testimony. Indeed, other than vague assertions that the ALJ failed to properly consider Dr. Govantes' opinion, Plaintiff fails to identify any record evidence that supports Dr. Govantes' opinion of "extreme limitations."

### B. Dr. Gurnani

On August 27, 2014, Dr. Gurnani completed a medical source statement in which he opined that Plaintiff was markedly limited in activities of daily living and concentration, persistence, or pace; was moderately to markedly limited in social functioning; and had three episodes of decompensation. (Tr. 575). The ALJ accorded Dr. Gurnani's opinions "little weight" because they were inconsistent with his treatment notes and Plaintiff's own reported abilities. (Tr. 23, 29-31).

Dr. Gurnani saw Plaintiff on eleven occasions from June 2013 through July 2014. Aside from his mood which was sad and/or anxious, the findings on mental status were largely normal. (Tr. 543, 545, 548, 576, 578, 580, 582, 584-85, 587, 589, 591). As the ALJ noted, despite his diagnosis with depression and anxiety, examination notes consistently documented Plaintiff's good eye contact, well groomed appearance, normal speech, appropriate affect, logical thought processes, alertness, intact attention and memory, appropriate abstraction and fund of knowledge, appropriate judgment and insight, and denied suicidal ideations. (Tr. 29). In July, October, and November 2013 and January 2014, Dr. Gurnani noted that Plaintiff's depression and anxiety had improved. (Tr. 546, 586, 590, 592). Additionally, as the ALJ noted, Dr. Gurnani's treatment notes do not document changes to Plaintiff's medication regimen.

On examination, Dr. Gurnani consistently noted that Plaintiff's memory was intact (Tr. 543, 545, 576, 578, 580, 582, 584, 585, 587, 589, 591, 593, 595) except for June 2013 when he noted that it was impaired (Tr. 548). Then, one year later, in June 2014, Dr. Gurnani noted that Plaintiff's memory was intact but nonetheless included a memory condition on his list of diagnoses. (Tr. 578-79). However, one month later, in July 2014, the diagnosis of a memory condition was gone and Plaintiff's memory was again found to be intact. (Tr. 576-77).

Accordingly, the ALJ properly concluded that Dr. Gurnani's own treatment records did not support his opinion of disabling limitations.

The ALJ also found that Dr. Gurnani's opinions were inconsistent with Plaintiff's self-reported activities of daily living and social functioning. (Tr. 24, 31). While not dispositive, Plaintiff's activities may show that his pain and other symptoms are not as limiting as alleged. See e.g., 20 C.F.R. §404.1529(c)(3)(i). In his function reports and at the hearing, Plaintiff reported the ability to perform personal care, do laundry, vacuum, dust, sweep, mow the lawn,

prepare simple meals, drive, count change, talk on the telephone, and go out to eat. (Tr. 53-54, 205-08, 247-50). *See e.g., Hughes v. Comm'r of Soc. Sec.,* 486 F. App'x 11, 14, 16 (11th Cir. 2012) (holding that plaintiff's own statements about activities of daily living at least partially contradicted her claims regarding the limiting effects of her symptoms).

Accordingly, the ALJ articulated good cause supported by substantial evidence for discounting Dr. Gurnani's opinions. Plaintiff has failed to identify any record evidence that supports his opinions of disabling limitations nor has he shown that Plaintiff has functional limitations beyond those included in the RFC.

IV. RECOMMENDATION

For the reasons stated above, I **RECOMMEND** that the ALJ'S decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

**DONE and ORDERED** in Ocala, Florida on May 11, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties